Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2515 | **DATE** | 7/26/2002 |
| **CASE TITLE** | Christopher Askew vs. Kenneth Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Petitioner Christopher Askew's petition for a writ of habeas corpus is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | JUL 29 2002 | |
| | Notices mailed by judge's staff. | | date docketed | 28 |
| | Notified counsel by telephone. | | docketing deputy initials | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | | date mailed notice / mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel. <br> CHRISTOPHER ASKEW <br><br> Petitioner, <br><br> v. <br><br> KENNETH R. BRILEY, <br><br> Respondent. | No. 01 C 2515 <br><br> Senior Judge George W. Lindberg <br><br> DOCKETED <br><br> JUL 29 2002 |

## MEMORANDUM OPINION AND ORDER

In October 1992, Christopher Askew ("petitioner") was convicted of first-degree murder and two counts of armed robbery in Illinois state court. He was sentenced to terms of natural life and 60 years imprisonment to be served concurrently. He appealed this conviction to the Illinois Appellate Court, which affirmed the conviction and vacated, in part, the sentence. The Supreme Court of Illinois denied leave to appeal. Petitioner then filed for post-conviction relief with the Circuit Court of Cook County, which denied the post-conviction petition. This decision was appealed to the Illinois Appellate Court, which affirmed the decision, and again to the Supreme Court of Illinois, which denied leave to appeal. Petitioner is currently a prisoner in custody of the Illinois Department of Corrections at the Stateville Correctional Center. He has filed a petition for writ of habeas corpus in this court.

At petitioner's request before trial, the court changed his originally appointed public defender ("pretrial counsel") to an appointed private attorney ("trial counsel"). In the Illinois

1

01 C 2515

Appellate Court, yet a third appointed attorney ("appellate counsel") represented him. Through appellate counsel he raised the following issues: (1) he did not receive a fair trial where the State introduced evidence of a prior consistent statement by a witness; (2) he was improperly found eligible by the trial court for the death penalty, where the court never made a finding that he possessed the appropriate mental state; (3) he received a natural life sentence that was excessive; (4) he received a sentence that was in error where the trial court relied on the statutory aggravating factor that his conduct caused serious harm; and (5) he received an extended term sentence for armed robbery that was excessive. Petitioner also raised the following issues *pro se*: (6) he was not proven guilty beyond a reasonable doubt; (7) he was denied a fair trial where the State made prejudicial references that he was a member of a gang; (8) he was denied a fair trial where the trial court rejected his proffered non-Illinois Pattern Jury Instruction ("I.P.I.") to specifically consider whether an accomplice witness had been offered anything in consideration for his testimony; (9) he was denied a fair trial where the prosecutor's reference in closing remarks to a .22 caliber pistol as the murder weapon was not supported by trial evidence and was prejudicial; and (10) he was denied a fair trial where the prosecutor made prejudicial comments regarding the ownership and history of the murder weapon.

The appellate court affirmed petitioner's convictions and his sentence of natural life in May 1995. However, the court vacated petitioner's extended term sentence for armed robbery, reducing the sentence to a non-extended term of 30 years. In December 1995, petitioner filed a *pro se* petition for leave to appeal ("P.L.A."), which the Supreme Court of Illinois denied.

Two months earlier, petitioner had filed a petition for post-conviction relief in the Circuit Court of Cook County. He raised the following issues: (1) he was denied due process where he was illegally arrested and was convicted with perjured testimony; (2) he was denied the right to a speedy trial and effective assistance of counsel where pretrial counsel did not comply with his request for a speedy trial; (3) he was denied the right to effective assistance of counsel where pretrial counsel failed to call a witness on his behalf at his suppression hearing and trial counsel failed to impeach two State witnesses; (4) he was denied due process where the trial court rejected his request for a mistrial based on jury prejudice; (5) he was denied due process where the prosecution was allowed to introduce evidence related to his three co-defendants; and (6) he was denied the right to effective assistance of counsel where appellate counsel did not raise requested issues on appeal.

In May 1998, the trial court held a hearing on the petition. First, the court denied a motion by petitioner for the trial judge to recuse himself from hearing the petition for post-conviction relief. Second, the court dismissed the claims of ineffective assistance of pretrial, trial, and appellate counsel since the claims did not satisfy the requirements of Strickland v. Washington, 466 U.S. 668 (1984). Third, the court dismissed the post-conviction petition without further analysis.

Petitioner appealed to the Illinois Appellate Court. In June 1999, his appointed post-conviction appellate counsel moved to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987). Petitioner filed his brief *pro se* that same month. The *pro se* brief raised seven issues: (1) he was denied due process where the trial court erred by dismissing his post-

conviction petition without granting petitioner an evidentiary hearing; (2) he had his fourth, fifth, and fourteenth amendment rights violated where he was arrested without a warrant and convicted based on perjured testimony; (3) he had his fifth, sixth, and fourteenth amendment rights violated and received ineffective assistance of counsel where pretrial counsel ignored petitioner's request for a speedy trial; (4) he was denied the effective assistance of counsel where the trial counsel did not interview a potential witness and impeach a State witness for prior inconsistent statements; (5) he was denied due process where the trial court rejected his motion for a mistrial following prejudicial comments by a potential juror during *voir dire*; (6) he was denied a fair trial where the prosecution introduced enlarged photographs of petitioner with co-defendants not on trial with him; (7) he was denied the effective assistance of appellate counsel.

In December 1999, the Illinois Appellate Court, after reviewing the record, granted counsel's Finley motion, and affirmed the trial court's dismissal of the post-conviction petition based on the record. Petitioner then filed a P.L.A. raising the same seven issues raised in his *pro se* appellate brief. The Supreme Court of Illinois denied the P.L.A. in April 2000.

In April 2001, petitioner filed the instant *pro se* habeas corpus petition, raising the following issues: (1) he was denied a fair trial where the State introduced a co-defendant's prior consistent statements; (2) he was not proven guilty beyond a reasonable doubt; (3) he was denied a fair trial where the state introduced testimony that petitioner was a gang member; (4) he was denied a fair trial where the trial court rejected his proffered non-I.P.I. jury instruction to specifically consider whether an accomplice witness had been offered anything in consideration for his testimony; (5) he was deprived of due process rights where the trial court erroneously

accepted a .22 caliber pistol into evidence; (6) he had his fifth, sixth, and fourteenth amendment rights violated and received ineffective assistance of counsel where pretrial counsel ignored petitioner's request for a speedy trial; (7) he was denied due process where the trial court rejected his motion for a mistrial based on prejudicial comments by a potential juror during *voir dire*; (8) he was denied a fair trial where the prosecution introduced enlarged photographs of petitioner with co-defendants not on trial with him; and (9) he was denied the effective assistance of counsel where trial counsel did not impeach a witness.

Only claims that petitioner is being held in state custody in violation of the Constitution or laws of the United States are appropriately raised in a petition for writ of habeas corpus. 28 U.S.C. § 2254(a). To be cognizable and thus appropriate for habeas review, a claim must describe a violation of federal constitutional or statutory law. 28 U.S.C. § 2254(d). If the issue raised does not address federal law, the habeas claim is not appropriate for review by the court. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). The court can only consider the merits of a habeas corpus petition if: (1) there has been exhaustion of state court remedies; and (2) there is a lack of procedural default. 28 U.S.C. § 2254(b).

Claim four, related to the failure to give a non-I.P.I. jury instruction, is inappropriate for habeas review. Generally, failure to give jury instructions in violation of state law cannot be a basis for habeas relief in non-capital cases. Estelle v. McGuire, 502 U.S. 62, 71-72 (1991); Gilmore v. Taylor, 508 U.S. 333, 343-44 (1993). Petitioner claims that a trial court's decision to exclude his non-I.P.I jury instruction was a constitutional matter since it violated his sixth and fourteenth amendment rights to a fair trial and due process. This argument, however, seems to

contend any error made by a state court in addressing state law is an issue of federal law, regardless of the actual nexus. This contention is incorrect. In claim four, petitioner is not raising any issue of federal law; instead, petitioner is asserting simply that the trial court erred in its instruction to the jury. Accordingly, this court may not review claim four.

Petitioner has exhausted his state court remedies. Therefore, this court will examine whether any of the remaining claims are procedurally defaulted before considering any claims on their merits. 28 U.S.C. § 2254(b). A claim is procedurally defaulted if the claim relates to a court decision that "rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman, 501 U.S. at 729. Unlike with a merits-based decision, if the highest state court to review a claim has relied on a state procedural rule as an independent basis for its decision, the federal court will generally be bound by the state court's finding. White v. Peters, 990 F.2d 338, 340 (7th Cir. 1993); Piscotti v. Washington, 143 F.3d 296, 300 (7th Cir. 1998).

Since the Supreme Court of Illinois denied leave to appeal, the highest state court to review the post-conviction trial decision was the Illinois Appellate Court. The appellate court stated in its order that it affirmed the post-conviction court's dismissal of petitioner's claims based on a review of the record. Counsel's Finley motion had addressed petitioner's possible appellate issues as either procedurally defaulted or without merit. However, there was no written analysis in the opinion of the appellate court. "[A]ny motion to withdraw pursuant to Finley . . . necessarily implicates the merits of an appeal, because the premise of the motion is that the appeal is frivolous." Wilkinson v. Cowan, 231 F.3d 347, 351 (7th Cir. 2001).

6

01 C 2515

Accordingly, the appellate court must have examined the substance of the case to determine whether there were any issues of arguable merit. Id. The Illinois Appellate Court affirmed the judgment of the post-conviction trial court after a "careful[ ] review[ ] [of] the record," and thus this affirmance "can only be understood as a merits-based decision with respect to each of the claims raised in the petition . . . ." Id. No claims are procedurally defaulted.

The court will address all the claims, with the exception of the noncognizable claim four, on their merits. A court may grant a writ of habeas corpus if the decision of the state court: (1) was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Petitioner, as the moving party, has the burden of proof. Sumner v. Mata, 449 U.S. 539, 551 (1981); United States ex rel. McCall v. O'Grady, 908 F.2d 170, 175 (7th Cir. 1990).

In claim one petitioner contends he was denied a fair trial where the State introduced evidence that its accomplice witness had made prior consistent statements and the State argued to the jury that these statements showed the witness to be credible. Due process rights are meant to guarantee properly administered and fair criminal trials. Duncan v. Louisiana, 391 U.S. 145, 148 (1968). To show that he was denied a fair trial, petitioner relies on Lee v. Illinois to contend that a codefendant's confessions are "presumptively unreliable" when they shift blame to petitioner. 476 U.S. 530, 545 (1986). However, this presumption of unreliability may be rebutted when the codefendant's statement bears sufficient "indicia of reliability." Lee, 476 U.S.

7

at 543. "Particularized guarantees of trustworthiness" point to this existence of reliability in the statement. Id., citing Ohio v. Roberts, 448 U.S. 56, 66 (1980).

The appellate court expressly concluded that the record shows the accomplice witness's arrest did not give him a motive to lie at the time of his statement. Moreover, under Illinois evidence law, petitioner invited admission of the accomplice witness's prior consistent statement by implying the witness's direct testimony was rehearsed during conversations with prosecutors. The decision by the state court to admit the prior consistent statement was not unreasonable in light of the evidence presented. 28 U.S.C. § 2254(d). Also, petitioner has not shown that the decision was contrary to or an unreasonable application of clearly established federal law, since the court found there were sufficient indicia of reliability to rebut the presumption of unreliability, and admission of the prior statements did not create an unfair trial. Ohio v. Roberts, 448 U.S. 56, 66 (1980); 28 U.S.C. § 2254(d). Accordingly, petitioner is not entitled to relief on the basis of claim one.

In claim two petitioner contends the State failed to prove him guilty beyond a reasonable doubt. The constitutional minimum standard sufficient for sustaining a conviction is if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). The State relied on physical evidence, as well as the corroborative testimony of prosecution witnesses, whom the state courts found sufficiently credible to convict petitioner. The state courts were not unreasonable in their determination of the facts in light of the evidence presented. Also, the decision was not contrary

01 C 2515

to or an unreasonable application of clearly established federal law, since a rational trier of fact could have found petitioner guilty beyond a reasonable doubt based on the evidence at trial. Accordingly, petitioner is not entitled to relief on the basis of claim two.

In claim three petitioner contends he was denied a fair trial where the court allowed the prosecutor to refer to petitioner's alleged gang affiliation. The Due Process Clause does not allow this court to give "finely tuned review of state evidentiary rules." Marshall v. Lonberger, 459 U.S. 422, 438 n.6 (1983). This court must only determine that the trial court proceedings were fundamentally fair. Stomner v. Kolb, 903 F.2d 1123, 1128-29 (7th Cir.). Under Illinois law, a defendant's alleged gang affiliation may be admitted as evidence "if it is relevant to an issue in dispute and its probative value is not substantially outweighed by its prejudicial impact." People v. King, 624 N.E. 2d 1165, 1172, 252 Ill. App. 3d 334, 341-42 (1993). The appellate court concluded that admitting the evidence was necessary, and also appropriate under Illinois evidence law, in order for the State to counter petitioner's challenge on re-direct that a defense affidavit from the accomplice witness proved he signed a confession out of fear of the police. The State needed to respond by contending the affidavit, itself, was signed out of fear from fellow gang member reprisal, the same gang of which petitioner allegedly was a member. The state court's determination that admitting the affiliation testimony was necessary is not unreasonable in light of all the evidence presented. Also, petitioner has not shown that the decision was contrary to or an unreasonable application of clearly established federal law, since the admission did not create an unfair trial. Accordingly, petitioner is not entitled to relief on the basis of claim three.

9

01 C 2515

In claim five petitioner contends he was deprived of due process rights because the trial court erroneously admitted a .22 caliber pistol into evidence. Even if a state court's admission of evidence is incorrect, if no fundamental unfairness occurs, there is no basis for habeas relief. Stomner, 903 F.2d at 1128-29. The state appellate court "conclude[d] that a reasonable jury could have found that there was a connection between the .22 [caliber pistol] and [petitioner] or [the victim's] murder – or both." The appellate court based this decision on physical evidence connecting the .22 caliber pistol to the murder weapon, and on testimony from two different witnesses connecting petitioner with a similar pistol. Though petitioner contends that admission of this evidence was improper based on an earlier *in limine* ruling from the trial judge, the decision by the trial court to accept the pistol into evidence was not unreasonable in light of the evidence presented. Also, petitioner has not shown that admission of the pistol or the prosecutor's later reference to it was contrary to or an unreasonable application of clearly established federal law, since the admission did not create an unfair trial. Accordingly, petitioner is not entitled to relief on the basis of claim five.

In claim six petitioner contends he was denied effective assistance of counsel when pretrial counsel disregarded petitioner's request for a speedy trial. To establish ineffective assistance of counsel, petitioner must establish that: (1) counsel's performance was deficient; and (2) this deficient conduct prejudiced the defendant. Strickland, 466 U.S. at 689.

Petitioner contends that his pretrial counsel's performance was deficient due to his lack of diligence in trial preparation and to his not taking the case to trial earlier. Counsel's performance must fall below an objective standard of reasonableness to be deficient. Strickland,

10

466 U.S. at 688. There is a strong presumption that counsel's conduct is professional; and generally, strategic decisions by counsel cannot be considered deficient performance. Strickland, 466 U.S. at 688-90. When asked by petitioner to bring the case to trial, pretrial counsel replied that without a delay and more time for discovery, a conviction was likely. Thus, pretrial counsel made a strategic and reasonable decision to delay going to trial so that he could be better prepared. Therefore, the first prong of the Strickland test is not satisfied. Since both prongs must be satisfied, there is no need to review the prejudice prong. The post-conviction trial court was correct in denying the earlier Strickland claim. Such a decision by the trial court is not unreasonable in light of evidence presented. Also, petitioner has not shown that the decision was contrary to or an unreasonable application of clearly established federal law, since the Strickland test is not satisfied. Accordingly, petitioner is not entitled to relief on the basis of claim six.

In claim seven petitioner contends he was denied due process when the trial court rejected his motion for a mistrial based on prejudicial comments by a potential juror during *voir dire*. Due process protects criminal defendants against improperly administered and unfair criminal trials. Duncan, 391 U.S. at 148. However, the *voir dire* process is not and should not be presumed to be infallible. Smith v. Phillips, 455 U.S. 209, 217 (1982). Just because a jury may be exposed to something that may affect its vote, this does not necessarily require a new trial. Whitehead v. Cowan, 236 F.3d 708, 722 (7th Cir. 2001). More important in satisfying due process is maintaining a jury that looks solely at the evidence in making its decision, and having a judge watchful for and protective against prejudicial occurrences. Smith, 455 U.S. at 217.

11

01 C 2515

Petitioner contends that the prejudicial comment during *voir dire* tainted the trial and biased the jury where a prospective juror commented that he was assaulted by a group of assailants who looked like the petitioner and codefendants. The trial judge dismissed the prospective juror and then informed the jury pool to disregard the prospective juror's comments. The trial court's action to limit the comment's possible prejudicial effect was not unreasonable in light of the evidence presented. Also, petitioner has not shown that the decision was contrary to or an unreasonable application of clearly established federal law, since the trial court administered the *voir dire* process in a manner that protected against prejudice, and the comment did not create an unfair trial. Accordingly, petitioner is not entitled to relief on the basis of claim seven.

In claim eight petitioner contends he was denied a fair trial and denied due process when the prosecution introduced enlarged photographs of petitioner with co-defendants not on trial with him. Due process is meant to preserve individual liberty and protect against incarceration resulting from unfair state trials. Albright v. Oliver, 510 U.S. 266, 294 (1994). However, admitting evidence in state criminal trials is generally a matter of state law. Pierson v. O'Leary, 959 F.2d 1385, 1389 (7th Cir. 1992). Petitioner could only have his due process rights violated if "all things considered the trial posed an unacceptably great risk of convicting an innocent person . . . ." Gonzalez v. DeTella, 127 F.3d 619, 621 (7th Cir. 1997). Admission of irrelevant or otherwise inadmissible evidence does not entitle a petitioner to habeas relief if the prejudicial effect was minimal. Pierson, 959 F.2d at 1389-90. Even a photograph used as evidence for the purposes of inflaming the jury does not automatically amount to a due process violation justifying collateral relief. Id. Petitioner contends that the photograph of him with co-

12

defendants had no probative value other than to prejudice the jury, and should not have been used during the testimony of the accomplice co-defendant. However, the trial court felt this photographic display was appropriate during that testimony, and this court will not disturb that state court decision. Petitioner fails to show how this photograph was prejudicial toward the jury. Even if the evidence were improper or meant to influence the jury, admitting the photograph could have little prejudicial effect and thus did not violate petitioner's due process rights. The decision by the trial court to accept the photograph into evidence was not unreasonable in light of the evidence presented. Also, petitioner has not shown that the decision was contrary to or an unreasonable application of clearly established federal law, since the admission did not create an unfair trial. Accordingly, petitioner is not entitled to relief on the basis of claim eight.

In claim nine petitioner contends his trial counsel was ineffective for not impeaching a State's witness. Again, to show ineffective counsel, the requirements of Strickland must be met. 466 U.S. 668, 689. A strategic decision by counsel is reasonable and generally requires denial of a claim of ineffective counsel. Id. Counsel appears to have deliberately chosen not to impeach the State's witness in an attempt to keep additional inflammatory testimony from the jury. This action is part of trial strategy, and so the deficiency prong of the Strickland test is not satisfied. Id. The post-conviction trial court was correct in denying this earlier Strickland claim; the decision was not unreasonable in light of evidence presented. Also, petitioner has not shown that the decision was contrary to or an unreasonable application of clearly established federal

01 C 2515

law, since the Strickland test is not satisfied. Accordingly, petitioner is not entitled to relief on the basis of claim nine.

**ORDERED**: Petitioner Christopher Askew's petition for a writ of habeas corpus is denied. Judgment in favor of respondent Kenneth R. Briley and against petitioner, denying the petition for writ of habeas corpus, will be set forth on a separate document and entered in the civil docket. Fed. R. Civ. P. 58, 79(a).

ENTER:

GEORGE W. LINDBERG
Senior United States District Judge

DATED: JUL 2 4 2002

14